# In the United States Court of Federal Claims

ELZIRA THORNTON EL,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

No. 25-488

Filed: March 31, 2025

## ORDER

Plaintiff Elzira Thornton El, proceeding *pro se*, brings this action against multiple Defendants—all state and local officials and private parties. Plaintiff claims that the Defendants conspired to unlawfully foreclose on his property and evict him from his house in California and that their actions violated his constitutional rights, constituted fraud, wrongful eviction, and a violation of some of the Defendants' oaths of office. This Court, however, is a court of limited jurisdiction that may only hear claims against the United States. *See* 28 U.S.C. § 1491(a)(1). Thus, this Court may not hear claims against private parties and state and local officials, like those brought by Plaintiff here. Put simply, Plaintiff has filed in the wrong court.

## BACKGROUND

On March 17, 2025, Plaintiff Elzira Thornton El filed his Complaint. ECF No. 1 (Compl.). Plaintiff names eight Defendants. *Id.* at 4.[1] Three of the named Defendants are related to the Los Angeles County Superior Court: (i) the Honorable Andrew Esbenshade, a judge for the Los Angeles County Superior Court, (ii) David Slayton, Clerk of the Court for the Los Angeles County

---

[1] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

Superior Court (Clerk of Court), and (iii) the Los Angeles County Superior Court Stanley Mosk Courthouse itself. *Id.* Four of the named Defendants are individuals or companies engaged in the loan, mortgage, or property business: (i) Mat Ishbia of United Wholesale Mortgage, (ii) James Daras of Cenlar FSB, (iii) Kevin McCarthy of Quality Loan Service Corporation, and (iv) Breckenridge Property Fund 2016 LLC (Breckenridge). *Id.* The final named Defendant is Robert Luna, the Los Angeles County Sheriff, and his "policy enforcers," who the Court understands to be deputy sheriffs. *Id.*

Plaintiff alleges that the Defendants, acting in concert, carried out an unlawful foreclosure of Plaintiff's property and unlawfully evicted Plaintiff from the property. *Id.* at 5. Concerning the unlawful foreclosure, Plaintiff alleges that the Defendants "conspired to unlawfully take Plaintiff's property" and that the process was "fraudulent and improperly conducted, violating numerous laws." *Id.* Specifically, Plaintiff contends that he tendered "a million-dollar gold coin to Defendant United Wholesale Mortgage . . . but Defendants unlawfully refused to accept the payment and never returned the lawful money," resulting in the sale of his property to Breckenridge. *Id.* As to the unlawful eviction, Plaintiff alleges that the Sheriff's Department unlawfully forced Plaintiff off his property "under duress, threats, and coercion," leaving Plaintiff homeless and causing Plaintiff harm and emotional distress. *Id.*

Plaintiff brings four counts against the Defendants. *First*, he brings a claim for fraud for Defendants' actions related to the foreclosure, stating that Defendants "engaged in fraudulent conduct . . . by providing false information, refusing lawful payment, and failing to follow proper procedures." *Id.* at 5–6. *Second*, he brings a claim for conspiracy to violate civil rights under 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional rights to due process and equal protection. *Id.* at 6. *Third*, he brings a claim for wrongful eviction, stating that his

eviction by Defendants was unlawful as it was "in violation of Constitutional, Treaty, and California law." *Id. Fourth*, he brings a claim for violation of oath of office, alleging that Judge Esbenshade and the Clerk of Court violated their oaths of office "by allowing fraudulent and unlawful actions to proceed through the courts." *Id.* Plaintiff seeks "9.999 billion in silver or gold bullions or bars," an award returning his taken property to him, a declaratory judgment on all Defendants for conspiring against him, an audit conducted on Defendant's accounts, and costs incurred bringing this action. *Id.* at 3, 6.

## APPLICABLE LEGAL STANDARDS

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not create any enforceable right against the United States on its own nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United*

3

*States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

This Court must dismiss claims outside its jurisdiction. Rule 12(h)(3); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."). "[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

## DISCUSSION

This Court lacks jurisdiction over Plaintiff's claims. First, Plaintiff's claims are plainly directed towards state and local officials and private parties, not the United States. Second, even if Plaintiff's claims could be construed as being brought against the United States, this Court lacks jurisdiction over Plaintiff's allegations. Therefore, Plaintiff's claims must be dismissed. *See* Rule 12(h)(3).

*First*, it is well-established that this Court lacks jurisdiction to hear claims against private parties and state actors. *Sherwood v. United States*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Lofton v. United States*, No. 24-1959, 2025 WL 350360, *1 (Fed. Cir. Jan. 31, 2025) ("The United States is the only proper defendant in the Claims Court.").

4

None of Plaintiff's claims are against the United States.  Plaintiff's claims against Judge Esbenshade, the Clerk of Court, and Sheriff Luna and his deputies are directed at state and local officials and not the United States, and thus "are obviously beyond this court's jurisdiction."[2] *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Dollen v. United States*, No. 24-1771, 2024 WL 4706809, at *1 (Fed. Cir. Nov. 7, 2024) ("A suit against state and local officials . . . is not a suit against the United States and thus is outside of the Claims Court's jurisdiction."); Compl. at 4–6.  Additionally, Plaintiff's claims against Mat Ishbia, James Daras, Kevin McCarthy, and Breckenridge Property Fund are directed against private entities and are also outside this court's jurisdiction.  *See Beauvais v. United States*, No. 24-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024) ("[T]he suit as to these two private companies is plainly beyond the jurisdiction of the Claims Court."); Compl. at 4–6; *see also Doiban v. United States*, 173 Fed. Cl. 527, 535 (2024) (stating that this Court "lacks jurisdiction over claims against private parties").  Accordingly, as Plaintiff's claims are not directed at the United States, this Court lacks jurisdiction to hear them.

*Second*, even if this Court could hear Plaintiff's claims against the Defendants, this Court would still lack jurisdiction over Plaintiff's allegations, which include a Section 1983 claim for conspiracy to violate his constitutional rights to due process and equal protection, as well as claims for fraud, wrongful eviction, and violation of oath of office.  *See* Compl. at 4–6.  Plaintiff cannot bring a Section 1983 claim for violations of his due process and equal protection rights in this

---

[2] Plaintiff also lists the Los Angeles County Superior Court Stanley Mosk Courthouse as a Defendant, which he claims is a "governmental entity responsible for overseeing legal proceedings."  Compl. at 4.  Even if construed as an entity and not a building, this Court cannot hear such a claim because it lacks jurisdiction over state entities.  *Di Santo v. United States*, No. 24-1694, 2025 WL 763101, at *1 (Fed. Cir. Mar. 11, 2025) ("The Claims Court does not possess jurisdiction over state courts, state officials, or private individuals.").  Moreover, to the extent that Plaintiff seeks review of state court's decisions regarding his foreclosure, this Court similarly lacks jurisdiction to review state court decisions.  *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

Court because jurisdiction over Section 1983 claims "lies exclusively in the district courts." *Cunningham v. United States*, 479 F. App'x 974, 975 (Fed. Cir. 2012).  Further, to the extent Plaintiff sought to bring a standalone claim for a violation of his due process and equal protection, the Court lacks jurisdiction over such claims as "neither the Fifth Amendment Due Process clause nor the Fourteenth Amendment Due Process and Equal Protection clauses are money-mandating." *Rojas-Vega v. United States*, 782 F. App'x 994, 996 (Fed. Cir. 2019); *see also Fisher*, 402 F.3d at 1172 ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages.").

Plaintiff's fraud claim also falls outside of this Court's jurisdiction regardless of whether it is considered as a criminal or tort claim.  *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims"); *Jones*, 440 F. App'x at 918 (noting that this Court "has no jurisdiction over criminal matters generally"); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (recognizing that the Court of Federal Claims lacks jurisdiction over claims "grounded upon fraud, which is a tort"); *Doiban*, 173 Fed. Cl. at 541 ("Plaintiff's multiple fraud claims . . . fail whether construed as criminal fraud or civil fraud."). Similarly, Plaintiff's claim for a violation of an oath of office also fails to invoke this Court's jurisdiction whether considered as a tort or as a contract claim.  *In re Raghubir*, 831 F. App'x 957, 958 (Fed. Cir. 2020) ("There is no non-frivolous argument that the Court of Federal Claims has jurisdiction over such a claim [for a breach of an implied contract set forth in an oath of office]."); *Taylor v. United States*, 139 Fed. Cl. 4, 8 (2018), *aff'd*, 747 F. App'x 863 (Fed. Cir. 2019) ("An oath of office, however, is not a contract, and in any event, claims arising from the alleged failure to abide by that oath sound in tort.").

6

Lastly, this Court has no jurisdiction to hear Plaintiff's wrongful eviction claim. Plaintiff alleges that his eviction was unlawful as it was carried out "under duress and in violation of Constitutional, Treaty and California law." Compl. at 6. However, simply claiming a violation "of Constitutional, Treaty and California law" is insufficient to invoke this Court's jurisdiction. *Id.*; *see Roman*, 61 F.4th at 1370 (noting that a plaintiff "bears the burden of establishing jurisdiction by a preponderance of the evidence"). Plaintiff's assertion that his eviction violated "Constitutional law," is insufficient because it "merely invokes the Constitution in general terms and fails to identify a specific source of law that 'can fairly be interpreted as mandating compensation.'" *Asmussen v. United States*, No. 14-825C, 2015 WL 351611, at *2 (Fed. Cl. Jan. 27, 2015) (quoting *Testan*, 424 U.S. at 402); *see also Fisher*, 402 F.3d at 1172 ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages."). Plaintiff's claim that he was wrongfully evicted in violation of "Treaty law" fares no better, as Plaintiff fails to identify any specific treaty or show how such "a treaty 'is a money-mandating source or indicating how he is within the class of plaintiffs that could recover under the act.'" *Ewers v. United States*, 168 Fed. Cl. 812, 816 (2024) (quoting *Donnelly v. United States*, No. 23-1651, 2023 WL 6889032, at *3 n.3 (Fed. Cir. Oct. 19, 2023)); *see Roman*, 61 F.4th at 1370. Finally, Plaintiff cannot invoke this Court's jurisdiction by claiming a violation of "California law" because "it is axiomatic that this Court lacks jurisdiction to hear claims founded on state law." *Doiban*, 173 Fed. Cl. at 546 (citing 28 U.S.C. § 1491); *see also Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."). Accordingly, this Court has no jurisdiction over

Plaintiff's wrongful eviction claim, as Plaintiff failed to identify a money-mandating source of law on which it rests.[3]  *See Fisher*, 402 F.3d at 1172.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of jurisdiction pursuant to Rule 12(h)(3).  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED** as Plaintiff submitted documentation satisfying the statute's requirements.  *See* 28 U.S.C. § 1915.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

[3] Even if this Court were to interpret Plaintiff's wrongful eviction claim as one asserting a taking under the Fifth Amendment, this Court would still lack jurisdiction because, as noted above, Plaintiff does not allege the United States was involved in the foreclosure or the eviction.  *Lane v. United States*, 573 F. App'x 930, 931 (Fed. Cir. 2014) (holding that court would lack jurisdiction over wrongful eviction claim even if it was construed as a taking claim).